**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

JOSEPH F. PARKER, JR. and )
NANCY L. KING, )
     )
        Plaintiffs, )
     )
        v. )     C.A. No. S24C-09-016 CAK
     )
JEAN MOMORELLA and PREMIER )     TRIAL BY JURY OF
PHYSICAL THERAPY AND )     TWELVE DEMANDED
SPORTS PERFORMANCE, L.P. )
     )
        Defendants. )

Submitted: October 18, 2024
Decided: October 22, 2024

## **ORDER**

On October 17, 2024, defendants Jean Momorella and Premier Physical Therapy and Sports Performance, L.P. (collectively, "Defendants") filed a Motion for *In Camera* Review of the Affidavit of Merit (the "Motion") in the above-captioned case.

The Motion pertains to the Affidavit of Merit filed under seal with me by Jennifer L. Vincenzo, PT, MPH, PhD ("Affiant") on September 19, 2024 (the "Affidavit").

The Complaint, filed on September 19, 2024, alleges medical and rehabilitative negligence by Defendants. Generally, the Complaint alleges (1)

1

physical injuries to Plaintiff Joseph F. Parker, Jr. resulting from a fall while performing exercises directed by Defendant Jean Momorella without an assistive device or staff supervision, support or assistance; (2) mental anguish; and, (3) lost wages and/or reduced earning capacity. Plaintiff Nancy L. King alleges the loss of consortium of her husband, Plaintiff Joseph F. Parker, Jr. Vicarious liability is alleged by Plaintiffs against Defendant Premier Physical Therapy and Sports Performance, L.P. under a theory of *respondeat superior*.

In the Motion, Defendants ask me to review the Affidavit and the *Curriculum Vitae* submitted therewith *in camera* to determine whether they comply with the requirements of 18 *Del. C.* §6853(a)(1) and (c). Specifically, the Motion asks me to confirm the following:

(1) that the Affidavit has been executed by an expert witness;

(2) that it is accompanied by a current *Curriculum Vitae*;

(3) that it articulates all opinions within a reasonable degree of medical probability;

(4) that the breach of the standard of care ascribed to Defendants was a proximate cause of the injuries alleged in the Complaint;

(5) that the expert states her causation opinions within the terms of Delaware's "but for" standard under *Ellet v. Ramzy, et al*., 2004 WL 2240153, at *2 n. 1 (Del. Super. September 29, 2004);

(6) that the expert states the date or dates on which Defendants allegedly breached the standard of care occurred;

(7) that the expert's *Curriculum Vitae* establishes that the expert was licensed to practice medicine as of the date of the Affidavit; and,

(8) that the *Curriculum Vitae* establishes that during the 3-year period immediately preceding the alleged breach of the standard of care, the expert was engaged in the treatment of patients and/or in the teaching/academic side of medicine, in the same field as defendants.

Since I have reviewed the Affidavit, I will treat the Motion as a Motion to Approve the Affidavit under the requirements of the statute. As such, I find that the Affidavit satisfies the requirements of the statute, as follows:

(1) the Affidavit has been executed by an expert witness;

(2) it is accompanied by a current *Curriculum Vitae*;

(3) it articulates all opinions within a reasonable degree of medical probability;

(4) the breach of the standard of care ascribed to Defendants was a proximate cause of the injuries alleged in the Complaint;

(5) the expert's *Curriculum Vitae* establishes that the expert was licensed as a physical therapist as of the date of the Affidavit; and,

(6) the *Curriculum Vitae* establishes that during the 3-year period immediately preceding the alleged breach of the standard of care, the expert was engaged in the treatment of patients and/or in the teaching/academic side of physical therapy, in the same field as Defendants.

18 *Del. C.* §6853(c) states that the expert signing the Affidavit "shall be licensed to practice medicine as of the date of the Affidavit." The Affiant here is a licensed physical therapist, not a medical doctor. This Court has held that such an expert, otherwise found to be qualified to testify at trial as an expert witness on the standard of care, is not excluded as the type of expert witness who may submit the required Affidavit of Merit pursuant to 18 *Del. C.* § 6853 simply because she is not a physician "licensed to practice medicine" pursuant to 18 *Del. C.* § 6853(c).[1] In other words, Affiant can submit an Affidavit of Merit regarding the field in which she practices, physical therapy, but not in a different field, such as that of a physician.

The following two items are not requirements under the statute:

(1) that the expert states her causation opinions within the terms of Delaware's "but for" standard under *Ellet v. Ramzy, et al.*, 2004 WL 2240153, at *2 n. 1 (Del. Super. September 29, 2004); and,

---

[1] *Dougherty v. Horizon House, Inc.*, 2008 WL 3488532 (Del. Super. June 25, 2008); *see also Cousineau v. Christiana Care Health Services, Inc.*, 2009 WL 406821 (Del. Super. Jan. 9, 2009), *Cox v. Bayhealth Medical Center Inc.*, 2020 WL 2108132 (Del. Super. April 30, 2020), *Zawask v. Christiana Care Health Services, Inc.*, 2020 WL 3866512 (Del. Super. July 7, 2020).

(2) that the expert states the date or dates on which Defendants allegedly breached the standard of care occurred (this date, August 21, 2023, is clearly stated in the Complaint).

Therefore, I do not address those requests.

I confirm that the Affidavit and *Curriculum Vitae* comply with the requirements of 18 *Del. C.* §6853(a)(1) and (c).

**IT IS SO ORDERED.**

/s/ Craig A. Karsnitz
Craig A. Karsnitz

cc:     Prothonotary